OPINION
Appellant Jerold Scott Isom appeals a judgment of the Stark County Common Pleas Court adjudicating him to be a sexual predator:
 ASSIGNMENTS OF ERROR I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE HOUSE BILL 180 (HEREINAFTER H.B. 180) PROCEEDINGS AGAINST HIM ON EX POST FACTO GROUNDS.
 II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS.
 III. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE.
 IV. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE.
In 1983, the Stark County Grand Jury indicted appellant with one count of aggravated burglary (2911.11)(A)), one count of felonious assault (R.C. 2903.11(A)), and one count of gross sexual imposition (R.C. 2907.05
(A)). Prior to the trial, the State moved to amend the indictment, changing the charge of felonious assault to one count of aggravated assault. Upon granting the amendment to the indictment, appellant changed his plea to guilty to all charges in the amended indictment. Appellant was sentenced to an indeterminate term of incarceration of five to twenty years for aggravated burglary, two to five years for aggravated assault, and two to five years for gross sexual imposition, to run concurrently. In November of 1999, the prison warden recommended that appellant be classified as a sexual predator. Following a hearing, the court adjudicated appellant to be a sexual predator pursuant to R.C. 2950.
 I
Appellant argues that the court erred in overruling his motion to dismiss the House Bill 180 proceeding on ex post facto grounds. The Ohio Supreme Court has held that House Bill 180 does not violate the constitutional prohibition against ex post facto laws. State v. Cook (1998), 83 Ohio St.3d 404, cert. denied (1999), 525 U.S. 1182. Accordingly, appellant's first assignment of error is overruled.
 II
Appellant argues that the court erred in failing to grant his motion to dismiss the sexual predator proceeding on double jeopardy grounds. In State v. Williams (2000), 88 Ohio St.3d 513, the Ohio Supreme Court held because the provisions of House Bill 180 do not constitute punishment, they do not violate state or federal double jeopardy protections. Accordingly, the second assignment of error is overruled.
 III
Appellant argues that the court erred in denying his motion to dismiss, as House Bill 180 is unconstitutionally vague. Again, this constitutional claim has been specifically rejected by the Ohio Supreme Court in Williams, supra, 88 Ohio St.3d at 533. The third assignment of error is overruled.
 IV
Appellant argues that the court's classification ruling is not supported by clear and convincing evidence. Specifically, appellant argues that the State failed to prove that he is likely to engage in the future in one or more sexually oriented offenses, as required by R.C.2950.01 (E). R.C. 2950.09 (B)(2) sets forth factors which the court is to consider in making a determination as to whether an offender is a sexual predator: (a) The offender's age; (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed; (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims; (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender; (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's conduct.
A judgment supported by some competent, credible evidence will not be reversed by the reviewing court as against the manifest weight of the evidence. C.E. Morris v. Foley Construction Company (1978),54 Ohio St.2d 279, syllabus. The record reflects that appellant broke into the victim's home when she and her mother were asleep. The victim was 12 years old at the time. Appellant snuck into the victim's bedroom, tried to suck on her neck, put his hands down her pants, and squeezed her buttocks. When the victim's mother heard something in her daughter's room, she went to investigate. At that point, appellant forced himself passed the mother, brandished a knife, and threatened to kill them both if the mother called the police. At the end of the sexual predator hearing, the court stated on the record that it was focusing primarily on the age of victim, and the nature of the sexual conduct. In particular, the court focused on the fact that appellant broke into to a child's home and snuck into her bedroom in the middle of the night, and threatened both the victim and her mother with a knife. There is sufficient evidence to support the court's adjudication of appellant as a sexual predator. Appellant argues that he completed various programs in prison. Nevertheless, the weighing of evidence lies within the province of the trial court, and as there was competent, credible evidence to support the court's finding, the fourth assignment of error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By Reader, V.J., Gwin, P.J., and Hoffman, J., concur